UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. BURKE,

    Plaintiff,

v.                                                CASE NO. 6:11-cv-71-Orl-31KRS

JAMES H. EARP,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, a prisoner seeking to proceed *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff has brought this action against James H. Earp, a state court judge for the Eighteenth Judicial Circuit Court of Florida. Plaintiff asserts that Defendant has violated his constitutional right to a fair trial. Specifically, Plaintiff alleges that on December 13, 2010, Defendant allowed a hearing to proceed, despite the fact that neither Plaintiff nor his stand-by counsel had been notified of the hearing. Plaintiff maintains that Defendant is biased towards pro se litigants. Plaintiff requests the Court to assign his case to another judge and to award him twenty five thousand dollars in damages.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the

'clear absence of all jurisdiction.' This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."). As such, Defendant Earp is cloaked with absolute immunity for the alleged improper activities which are associated with Plaintiff's judicial proceedings. *See Allen v. Thompson*, 815 F.2d 1433, 1434-1435 (11th Cir. 1987).

Furthermore, Plaintiff can raise his challenges relating to the prosecution of his criminal case in his state court proceedings. Absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In addition, because declaratory relief "will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid" federal courts also should not entertain actions for declaratory relief against pending state criminal actions. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

Plaintiff has not demonstrated special circumstances warranting this Court's intrusion into the pending state court proceedings. *See Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised). Therefore, it appears that abstention is appropriate

as to any claims regarding Plaintiff's pending state criminal charges. Accordingly, the instant action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim.

2. The Clerk of the Court is directed to terminate any pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida this 26th day of January, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 1/26
William A. Burke